UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re XTREME POWER INC., | § | CASE NO. 14-10096 |
| XTREME POWER SYSTEMS, LLC, and | § | CASE NO. 14-10095 |
| XTREME POWER GROVE, LLC | § | CASE NO. 14-10097 |
| | § | Chapter 11 |
| | § | (Jointly Administered Under |
| Jointly Administered Debtors | § | CASE NO. 14-10096) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF XTREME POWER SYSTEMS, LLC'S OBJECTION TO DEBTORS' EMERGENCY MOTION FOR FINAL ORDER AUTHORIZING POST-PETITION SECURED FINANCING**

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors of Xtreme Power Systems, LLC (the "Committee") files this Objection to Debtors' Emergency Motion for Final Order Authorizing Post-Petition Secured Financing, as follows:

1. The Committee is without sufficient information to admit or deny the allegations contained in ¶1.

2. With respect to ¶2, the Committee admits that that paragraph summarizes the initial terms of the DIP financing.

3. The Committee is without sufficient information to admit or deny the allegations contained in ¶3.

4. With respect to ¶4, the Committee admits that this paragraph outlines the sales structure contemplated by the Debtors.

5. The Committee admits the allegations contained in ¶5.

6. The Committee admits the allegations contained in ¶6.

7. The Committee admits the allegations contained in ¶7.

8. The Committee admits the allegations contained in ¶8.

9. The Committee is without sufficient information to admit or deny the allegations contained in ¶9.

10. The Committee is without sufficient information to admit or deny the specific allegations of ¶10, though the Committee acknowledges that the Debtors engage in the battery and energy storage business.

11. With respect to ¶11, Debtors admit that XPI is privately held, but is without sufficient information to admit or deny the remainder of the allegations.

12. The Committee is without sufficient information to admit or deny the allegations contained in ¶12, except that the Committee is generally aware that a fire occurred at the Kahuku Wind Farm in Hawaii.

13. The Committee is without sufficient information to admit or deny the allegations contained in ¶13, except that the Committee is generally aware that the Company has raised capital through bridge financing and other financing efforts.

14. The Committee is without sufficient information to admit or deny the allegations contained in ¶14, other than the Committee is generally aware that the Debtors retained the Gordian Group and attempted to obtain either financing or negotiate a sale of the Company.

15. The Committee is without sufficient information to admit or deny the allegations contained in ¶15, other than the Committee admits that the Debtors obtained financing through Horizon.

16. With respect to ¶16, the Committee admits that the paragraph summarizes the Debtors' proposed sale.

17. The Committee is without sufficient information to admit or deny the allegations contained in ¶17.

18. The Committee is without sufficient information to admit or deny the specific allegations in ¶18, though the Committee is aware that the Debtors are parties to numerous debt instruments and various security instruments with different levels of priority.

19. With respect to ¶19, the Committee is without sufficient information to admit or deny the specific allegations contained in ¶19, except the Committee is generally aware that the Debtors have pledged all, or substantially all, of their assets to secure repayment of various debt obligations.

20. The Committee is without sufficient information to admit or deny the allegations contained in ¶20, except that the Committee is aware that the Debtors have pledged certain assets to SVB and Horizon.

21. Paragraph 21 is a statement regarding the authority sought, which need not be admitted or denied.

22. The Committee is without sufficient information to admit or deny the allegations contained in ¶22.

23. Paragraph 23 is a summary of terms, which need not be admitted or denied.

24. Paragraphs 24 – 27 are legal argument, which the Committee need not admit or deny.

25. With respect to ¶¶28 – 31, the Committee is not aware of the specific efforts made by the Debtors to obtain funding from other sources, nor was the Committee involved in the negotiations leading to the DIP credit facility and, therefore, the Committee cannot admit or deny these allegations.

26. With respect to ¶¶32 – 33, though the Committee is generally aware that SVB has a lien on certain of the Debtors' assets, the Committee is not in the position to admit or deny the factual allegations contained in those paragraphs.

27. With respect to ¶34, the Committee is not aware of the efforts made by the Debtors in connection with negotiating the credit facility. With respect to the legal arguments contained in ¶¶34, 35 and 36, the Committee need not admit or deny legal argument.

28. With respect to ¶37, the Committee is unable to admit or deny whether the Debtors have exercised sound business judgment with respect to obtaining financing, or whether the credit facility benefits the Estate, other that the Committee admits that keeping the Debtors operating and facilitating a sale appears to be in the best interest of the Estate.

29. With respect to ¶38, the paragraph constitutes legal argument which the Committee need not admit or deny.

30. With respect to ¶39, subject to the objections set forth below, the Committee generally agrees that the DIP credit facility is reasonable.

31. With respect to ¶¶41 – 46, these paragraphs relate to the need for interim relief, which has already occurred.

32. With respect to ¶¶47 – 48, these paragraphs relate to notice issues, which not need admitted nor denied.

## OBJECTIONS TO ENTRY OF FINAL ORDER

33. The Committee has attempted to negotiate with the Debtors and with Horizon regarding the terms of an appropriate final order authorizing the DIP financing. However, certain issues remain outstanding. The Committee objects to the entry of a final order until the final issues are resolved:

   (a) Proposed budget provides for $20,000 for a carve out for Committee professional fees, which is inadequate given the size and complexity of these cases, and given the speed at which the sale process is occurring. The Committee believes that a carve out of not less than $200,000 for the Committee counsel is appropriate for funding of the Committee counsel's legal fees through the projected closing date for any sale. Given the amount budgeted for Debtors' counsel, such carve-out is reasonable and necessary. The funding of the counsel for the Committee will ensure that

        the interest of the unsecured creditors of XTreme Power Systems, LLC are adequately protected and represented in this case. Moreover, given that the primary beneficiary of this process at this point is the secured creditor, it is appropriate to ensure that the process is adequately funded for the benefit of the unsecured creditor constituency.

(b)      The proposed financing contemplates that Horizon will be protected from any potential actions seeking a surcharge of its collateral under 11 U.S.C. §506(c). Given that there is no agreement on protecting the interest of unsecured creditors, it is inappropriate to permit a waiver of the ability to seek a surcharge of collateral under 11 U.S.C. §506(c) at this stage.

(c)      The proposed financing contemplates that Horizon will receive a super-priority claim for its funding, which would gut the ability of the Estate to provide any recovery for administrative claims in this proceeding, including claims of counsel of Estate professionals and Estate counsel. It is inappropriate to allow an unsecured creditor to prime all of these claims while at the same time refusing to require that the secured creditor carve out appropriate allowances for such claims.

(d)      The Order and the loan documents contemplate that Horizon will receive a post-petition lien on causes of action held by the Debtors (excluding Chapter 5 claims). This includes liens on commercial tort claims. The initial review of the UCC filings and Security Agreements indicates that Horizon was not secured by liens on commercial tort claims on a pre-petition basis, as those claims have not been specifically identified in any security filings. Providing liens of those claims on a post-petition basis, particularly where there is no demonstrable benefit to the unsecured creditors at this stage, both provides protection that are not appropriate under the Uniform Commercial Code and which will essentially allow Horizon to boot strap its pre-petition claims through post-petition liens.

(e)      As currently worded, the Final DIP Financing Order provides for a five (5) day notice period, with an opportunity for the Debtors or the Committee to contest any declaration of default by Horizon. However, the draft Financing and Security Agreement allows Horizon to declare an immediate default and does not contain the same protections.

(f)      As currently drafted, the DIP Financing Order provides a number of protections that help Horizon, both as a pre-petition lender and DIP lender, but limit the rights and remedies of the Bankruptcy Estate. Since it is unclear at this point who benefits from DIP financing to facilitate a sale, the Committee objects to the DIP Financing Order as it is currently drafted and without providing additional protections to the Estate – even to the extent that such objection results in this Court ultimately deny the DIP on a final basis.

WHEREFORE, based on the foregoing, the Committee requests the Court condition final approval of the proposed DIP financing upon agreement of the Debtors and Horizon to the terms set forth above, and that the Committee have such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

HOHMANN, TAUBE & SUMMERS, LLP

By: __/s/ Mark C. Taylor_____
    Eric J. Taube
    State Bar No. 19679350
    Mark C. Taylor
    State Bar No. 19713225
    Morris D. Weiss
    State Bar No. 19713225
    100 Congress Ave., Suite 1800
    Austin, Texas 78701
    (512) 472-5997 –phone
    (512) 472-5248 – fax
    Email:   erict@hts-law.com
                 markt@hts-law.com
                 morrisw@hts-law.com

PROPOSED COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS
OF XTREME POWER SYSTEMS, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served electronically upon all parties receiving the Court's CM/ECF notifications and on the attached Official Limited Service List as of February 11, 2014 by first class mail on this 19th day of February, 2014.

    _/s/ Mark C. Taylor_____
    Mark C. Taylor

## SERVICE LIST

**Debtor**
Xtreme Power, Inc. et al.
1120 Goforth Rd.
Kyle, TX 78640

**Counsel for Debtor**
Jordan, Hyden, Womble, Culbreth &
Holzer, P.C.
Attn: Shelby A. Jordan
100 Congress Ave., Ste. 2109
Austin, TX 78701

Jordan, Hyden, Womble, Culbreth &
Holzer, P.C.
Attn: Nathaniel Peter Holzer
500 North Shoreline Blvd., Ste. 900
Corpus Christi, TX 78401-0341

Jordan, Hyden, Womble, Culbreth &
Holzer, P.C.
Attn: Antonio Ortiz
1534 E. 6th Street, Ste. 104
Brownsville, TX 78520

**Special Counsel to the Debtors**
Baker Botts, LLP
Attn: Steve Tyndall
98 San Jacinto Blvd., Ste. 1500
Austin, TX 78701-4078

Baker Botts, LLP
Attn: James R. Prince &
Omar Alaniz
2001 Ross Avenue
Dallas, Texas 75201-2980

**United States Trustee**
Deborah A. Bynum
Office of the U.S. Trustee
903 San Jacinto Blvd, Rm. 230
Austin, TX 78701

**Financial Advisor to Debtors**
Gordian Group
Attn: Peter S. Kaufman &
David Herman
950 Third Avenue, 17th Floor
New York, NY 10022

**Governmental Agencies**
Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101

Texas Workforce Commission
Bankruptcy Unit, Room 556
101 E. 15th Street
Austin, TX 78778-0001

Texas Comptroller of Public Accts.
Bankruptcy Section
P.O. Box 13528
Austin, TX 78711

Securities and Exchange Comm.
Fort Worth Regional Office
Burnett Plaza, Ste. 1900
801 Cherry Street, Unit 18
Fort Worth, TX 76102

**Committee of Unsecured Creditors**
Margaret M. McKay
Toshiba International Corporation
13131 West Little York Rd.
Houston, TX 77041

Robert J. Bruckman
Dynapower Company, LLC
85 Meadowland Dr.
So. Burlington, VT 05401

Michelle Romonek
Control Panels, USA
16310 Bratton Ln.
Bldg. 1, Ste. 100
Austin, TX 78728

**Xtreme Power Inc.'s Secured Creditors**
Austin Police Retirement System
2520 South IH 35, Ste. 100
Austin, TX 78704

Bessemer Venture Partners VII, LP and
BVP VII Special Opportunity Fund, LP
1865 Palmer Avenue, Ste. 104
Larchmont, NY 10538

BP Alternative Energy Int'l Ltd
1 St. James' Square
London, UK SW1Y, 4PD

Breen, Michael
1804 Nickerson Street
Austin, TX 78704

Dermont, Jared Joseph
Moelis & Company
399 Park Avenue, 5th Floor
New York, NY 10022

Dominion Energy Technologies II, Inc.
120 Tredegar Street
Richmond, VA 23219

Harding, Richard D.
20 West 86th Street, Apt 12A
New York, NY 10024

Horizon Technology Finance Corp.
Robert D. Pomeroy, Jr. CEO
312 Farmington Avenue
Farmington, CT 06032

ISP Holdings Inc.
11 Lambs Lane
Cresskill, NJ 07626

Klein, Barak
11 Hotel Drive
White Plains, NY 10605

Langara Capital Partners, Ltd.
Attn: Dmitry Tomkin
c/o Apex Fund Services (Cayman)
Governor's Square
P.O. Box MP10085
West Bay, Grand Cayman,
Cayman Is.
KY1-1001

Lima, Vincent S.
46 Oxbow Lane
Summit, NJ 07901

Louisiana Stability Fund, LP
3161 Michelson Drive, Ste. 750
Irvine, CA 92612

Mahmoodzadegan-Gappy Trust
1064 Amalfi Drive Pacific
Palisades, CA 90272

Panagos, Steven and Joan (JTIC)
1129 Sasco Hill Road
Fairfield, CT 06824

Raich Trust dated September 17, 2001
1058 Napoli Drive
Pacific Palisades, CA 90272

Rozov, Yadin
1 Anchor Drive
Rye, NY 10580

Ryan, Christopher
46 Alpine Road
Greenwich, CT 06830

SAIL 2010 Co-Investment Partners, LP, SAIL Defense Fund, LLC, SAIL Sustainable Louisiana I, LP, SAIL Sustainable Louisiana II, LP, SAIL Venture Partners II, LP, SAIL Xtreme APRS Fund LP, SAIL Xtreme SB Co-Investment Partners, LP, SAIL II Xtreme Power Joint Venture Fund, LP
Attn: Hank Habicht
3161 Michelson Drive, Ste. 750
Irvine, CA 92612

Share, Gregory Martin
Moelis & Company
399 Park Avenue, 5th Floor
New York, NY 10022

Silicon Valley Bank
Attn: Brad Miller
3003 Tasman Drive, HF150
Santa Clara, CA 95054

The Dow Chemical Company
Attn: Kevin McElgunn
2020 Dow Center
Midland, MI 48674

The Moelis Family Trust
1112 Schuyler Road
Beverly Hills, CA 90210

Trust of Sash and Cindy Rentala
9 Harding Drive
Rye, NY 10580

**Xtreme Power Systems, LLC's Secured Creditors**
Hays Central Appraisal District
21001 North IH35
Kyle, TX 78640

Travis County Tax Office
P.O. Box 149328
Austin, TX 78714-9328

Wells Fargo Equipment Finance
300 Tri State International, Ste. 400
Lincolnshire, IL 60069

Hays County Tax Assessor
Luanne Caraway, Tax Assessor/Collector
102 N LBJ Dr.
San Marcos, TX 78666-5691

Zuniga Investment Partners, Ltd.
1460 E. Whitestone Blvd., Ste. 101
Cedar Park, TX 78613

**Xtreme Power Inc.'s Top 20 Unsecured Creditors**
Arnel Investments III, LP
949 South Coast Drive, Ste. 600
Costa Mesa, CA 92626

Pendleton Capital Partners, LLC and Wild Rose Irrevocable Trust Est. 12/18/08
Attn: Chris Zaharis
1725 S. Country Club Drive
Mesa, AZ 85210

Amabro Investments Ltd.
Geneva Place Waterfront Dr.
P.O. Box 3469 Roadtown
British Virgin Islands

Christensen Limited Liability Limited Partnership
Attn: Aimee Christensen
P.O. Box 4089
Ketchum ID 83340

U.S. Department of Energy
1000 Independence Ave.
Washington, DC 20585

Horizon Batteries, LLC
Attn: John R. Bailey
500 Legacy Drive, Ste. 470
Plano, TX 75024

Sangkook Peter Chin
SKYLAKEUSATHREE, LLC
25 Nonhyeon-ro-gil,
Gangnam-gu
(Dogok-dong 517-10, 4th Fl)
Seoul, Republic of Korea 135-854

Spring Ventures, LLC.
912 Cole St., #385
San Francisco, CA 94117

James P. Farwell
6126 St. Charles Avenue
New Orleans, LA 70118

**Xtreme Power Systems, LLC's Top 20 Unsecured Creditors**
ATS International Services, Inc.,
P.O. Box 1450
Minneapolis, MN 55485-7130

Epicor Software Corporation
804 Las Cimas Hwy.
Kyle, TX 78746

Bender Electronics, Inc./Bender, Inc.
P.O. Box 824805
Philadelphia, PA 19182-4805

Bracewell & Giuliani, LLP
P.O. Box 848566
Dallas TX 75284-8566

American Express
P.O. Box 650448
Dallas, TX 75265-0448

Fish & Richardson
111 Congress Ave, Ste. 810
Austin, TX 78701

Washington Media Group, Inc.
Kelly Crosby
525 9th Street NW, Ste. 800
Washington, DC 20004

Ken Glasgow
Humanetics II LTD
1700 Columbian Club Drive
Carrollton, TX 75006

Chubb & Son
P.O. Box 382001
Pittsburgh, PA 15250-8001

March Bruce
Stratus Energy Group, LLC
1206 San Antonio St.
Austin, TX 78701

Microvast Power Systems
No 2198 Hongfeng Rd.,
Huzhou
313000 Zhejian
China

Amphenol Nelson Dunn Technologies, Inc.
R. Elizabeth Rani
11707 Valley View Ave.
Cerritos, CA 90703

First Insurance Funding Corp.
P.O. Box 66468
Chicago IL 60666-0468

Blue Cross Blue Shield of Texas
Healthcare Service Corp
P.O. Box 731428
Dallas, TX 75373-1428

Veronique Froding
Gide Loyrette Nouel
A.A.R.P.I.
22-26 cours Albert 1er
75008 Paris France

**Xtreme Power Grove, LLC's Top 20 Unsecured Creditors**
Airgas
P.O. Box 676015
Dallas, TX 75267-6015

Horizon Batteries-Real Estate, LLC
401 West Evergreen Street
Durant, OK 74701

Public Serv of Oklahoma
P.O. Box 24421
Canton, OH 44701-4421

Clean the Uniform Company Joplin
P.O. Box 840140
Kansas City, MO 64184-0140

North Texas Rural Services
d/b/a RECTEC Technology
P.O. Box 399
Vinita, OK 74301

Grove Municipal Services Authority
104 West 3rd
Grove, OK 74344

Joplin Trailer Sales, Inc.
d/b/a Mobile Storage System
2430 Davis Blvd.
Joplin, MO 64804

Bernice Sanitation, LLC
P.O. Box 3753
Afton, OK 74331

**Parties Requesting Notice**
**Counsel for City of Austin Police Retirement System**
Robert E. Tarcza
Walter H. Tarcza
Tarcza & Associates, L.L.C.
228 St. Charles Ave., Ste. 310
New Orleans, LA 70130

**Counsel for Silicon Valley Bank**
Leo D. Plotkin
Levy, Small & Lallas
815 Moraga Drive
Los Angeles, CA 90049

Michelle V. Larson
Andrews Kurth, LLP
1717 Main Street, Ste. 3700
Dallas, TX 75201

**Counsel for Horizon Technology Finance Corporation**
Charles A. Dale
K&L Gates, LLP
State Street Financial Center
One Lincoln Plaza
Boston, MA 02111

A. Lee Hogewood III
K&L Gates, LLP
4350 Lassiter at North Hills Ave., Ste. 300
Raleigh, NC 27609

**Counsel for KIUC Renewable Solutions Two, LLC**
Sutherland Asbill & Brennan, LLP
Attn: Mark D. Sherrill
700 Sixth St., NW
Ste. 700
Washington, DC 20001

**Counsel for Exponent Technologies, Inc.**
Joseph M. Coleman
Kane Russell Coleman & Logan
3700 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201

**Counsel for The State of TX, Acting by & through the Office of the Governor, Texas Emerging Technology Fund**
Hal F. Morris
Assistant Attorney General
Texas Attorney General's Office
Bankruptcy Regulatory Section
P.O. Box 12548
Austin, TX 78711

**Counsel for Langara Capital Partners, Ltd. and Amabro Investments**
James V. Hoeffner
Graves, Dougherty, Hearon & Moody, P.C.
401 Congress Avenue, Ste. 2200
Austin, Texas 78701

**Counsel for First Wind Holdings, LLC**
Deborah D. Williamson
Cox Smith Matthews Incorporated
112 E. Pecan Street, Ste. 1800
San Antonio, TX 78205

**Counsel for Hays CISD**
Diane W. Sanders
Linebarger Goggan Blair & Sampson, LLP
Austin, TX 78760-7428

**Counsel for Toshiba Int'l Corp.**
Berry D. Spears
Fulbright & Jaworski LLP
98 San Jacinto Blvd, Suite 1100
Austin, TX 78701

Robert A. Klyman
Ted A. Dillman
355 S. Grand Avenue
Los Angeles, CA 90071

**Counsel for Epicor Software Corp.**
Duane J. Brescia
Strasburger & Price, LLP
720 Brazos, Suite 700
Austin, Texas 78701

**Counsel for Notrees Windpower, LP and Duke Energy Transmission Holding Company**
William L. Wallander
VINSON & ELKINS L.L.P.
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975

**Counsel For Horizon Batteries, L.L.C., Idling Solutions, L.L.C., and Horizon Batteries Real Estate, L.L.C.**
J. Michael Sutherland
Carrington, Coleman, Sloman & Blumenthal, L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202

Jim F. Spencer, Jr.
Watkins & Eager PLLC
400 East Capitol Street
Jackson, MS 39201

**Counsel for The County of Hays**
Lee Gordon
McCreary, Veselka, Bragg & Allen, P.C.
P.O. Box 1269
Round Rock, Texas 78680

Bankruptcy Administration
GE Information Technology Solutions, Inc. f/d/b/a IKON Financial Services
1738 Bass Road
P.O. Box 13708
Macon, GA 31208-3708

**Counsel for Dynapower Corporation**
Jesse B. Butler
Thompson, Coe, Cousins & Irons LLP
701 Brazos, Ste. 1500
Austin, TX 78701